# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Tommy Pililimis, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Simon, Eichler & Associates, LLC<br>c/o Vincent Cignarale<br>250 Delaware Ave, Suite 33<br>Buffalo, NY 14202<br><br>and<br><br>Christopher Hess<br>733 Delaware Road, Suite 255<br>Tonawanda, NY | **Jury Demand Requested** |
| Defendants. | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

5- Defendant Simon Eichler & Assocaites, LLC ("SEA") is a corporation with its principal office in the State of New York.

6- Defendant Christopher Hess ("Hess") is, upon information and belief, the manager, owner, and/or operator of Defendant SEA.

7- Unless expressly specified otherwise, the term "Defendant," as used herein, shall collectively refer to Defendants SEA and Hess.

8- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

9- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

10- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

11- In 2011, Plaintiff filed a voluntary bankruptcy petition.

12- On or around November 20, 2012, Defendant telephoned Plaintiff to collect the Debt and left a voicemail.

13- During this communication, Defendant failed to disclose that the communication was from a debt collector.

14- During this communication, Defendant falsely represented that there was legal action pending against Plaintiff.

15- During this communication, Defendant falsely represented that it mailed legal documents to Plaintiff's address.

16- During this communication, Defendant falsely represented that Plaintiff was waiving his legal rights by failing to contact Defendant.

17- At the time of these communications, Defendant knew, or should have known, that Plaintiff filed bankruptcy.

18- On or around December 3, 2012, Defendant telephoned Plaintiff to collect the Debt and left a voicemail.

19- During this communication, Defendant failed to disclose that the communication was from a debt collector.

20- On or around December 12, 2012, Defendant telephoned Plaintiff to collect the Debt and left a voicemail.

21- During this communication, Defendant failed to disclose that the communication was from a debt collector.

22- During this communication, Defendant falsely implied that there was legal action pending against Plaintiff.

23- Defendant damaged Plaintiff.

24- Defendant violated the FDCPA.

## COUNT I

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT II

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT III

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT IV

31- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

32- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

## COUNT V

33- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

34- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## JURY DEMAND

35- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

                RESPECTFULLY SUBMITTED,

                Meier LLC

                By:*/s/ Richard J. Meier*
                Richard J. Meier, Esq.
                53 W. Jackson Blvd, Suite 304
                Chicago, IL 60604
                Tel: 312-242-1849
                Fax: 312-242-1841
                Richard@meierllc.com
                *Attorney for Plaintiff*